UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rafael De la Cruz,<br><br>    Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC;<br>Experian Information Solutions, Inc.; and<br>TransUnion, LLC<br><br>    Defendants. | Case No. |

# COMPLAINT

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is an individual residing in Suffolk County, MA.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

7. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

8. Defendant Experian Information Solutions, Inc. is engaged in the business of maintaining and reporting consumer credit information for profit.

9. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

10. Defendant TransUnion, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

11. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff believes someone else's credit file has become mixed with his.

13. His credit reports display another individual with a similar name as his.

14. Plaintiff is Rafael Antonio De la Cruz, and the names Rafael De La Cruz Sala, and Rafael De La Sala Cruz appeared on his reports.

15. His reports also display an address in Puerto Rico at which he has never lived that appears to be associated with some accounts that are appearing on his reports erroneously.

16. As well, certain accounts display as opened in 2002, when Plaintiff first obtained a social security number in May 2016, only after which he began using credit.

17. Plaintiff has had over a dozen different accounts appear on his report that do not belong to him, including a home mortgage, a car loan, utilities, revolving credit accounts, and others.

18. Plaintiff has no knowledge of these accounts and believes they are the result of the credit reporting agencies mixing his identity with another individual.

19. The false information appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

20. Equifax, Experian, and TransUnion published the false information to third parties.

21. Plaintiff has submitted numerous disputes to Equifax, Experian, and TransUnion over the past year.

22. Included in these disputes, Plaintiff sent a written letters to Equifax, Experian, and TransUnion on or about September 11, 2024, disputing the inaccurate information reporting on Plaintiff's consumer report, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

23. Equifax, Experian, and TransUnion received Plaintiff's disputes.

24. Equifax, Experian, and TransUnion failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

25. Equifax, Experian, and TransUnion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

26. Equifax, Experian, and TransUnion employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

27. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

28. The erroneous accounts appearing on Plaintiff's credit report have made it difficult to obtain credit at all, or on favorable terms.

29. Plaintiff has been denied credit for a home mortgage and so has been unable to buy a home for his family.

30. Plaintiff has been denied credit for financing a vehicle.

31. Plaintiff has been unable to expand his business due to being denied credit for loans and having his credit limit reduced.

32. Plaintiff has lost time and incurred expense working to resolve the adverse information to prevent further harm.

33. As a result of Defendants' actions, inaction, and failure to comply with the FCRA, Plaintiff suffered personal humiliation, embarrassment, mental anguish, emotional distress, detriment to his character and personal reputation, and other damages.

34. This emotional distress has caused strain on Plaintiff's marriage due to the economic hardship caused by the errors on Plaintiff's credit report.

35. Plaintiff has suffered headaches, lost sleep, lost appetite, depression, and has been diagnosed with post-traumatic stress disorder.

36. The personal humiliation, embarrassment, mental anguish, emotional distress, detriment to Plaintiff's character and personal reputation, and other damages that Plaintiff suffered was a natural consequence of Defendants' actions, inaction, and failure to comply with the FCRA.

### COUNT I – Equifax, Experian, and TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

37. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

38. After receiving Plaintiff's disputes, Equifax, Experian, and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

39. Equifax, Experian, and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

40. As a result of this conduct, action and inaction of Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. The conduct, action, and inaction of Equifax, Experian, and TransUnion was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

42. In the alternative, Equifax, Experian, and TransUnion acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT II – Equifax, Experian, and TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

44. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

45. After receiving Plaintiff's dispute, Equifax, Experian, and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

46. Equifax, Experian, and TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

47. As a result of this conduct, action and inaction of Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's

normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. The conduct, action, and inaction of Equifax, Experian, and TransUnion was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

49. In the alternative, Equifax, Experian, and TransUnion acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5.      Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: February 28, 2025

                                         Rafael De La Cruz

                                         <u>/s/Leslie Feldman-Rumpler</u>
                                         Leslie Feldman-Rumpler
                                         Attorney at Law
                                         4 Cypress Street, Suite 7
                                         Brookline, MA 02445
                                         (617) 728-9944
                                         leslie@feldmanrumplerlaw.com

                                         Local counsel for
                                         McCarthy Law, PLC
                                         4250 North Drinkwater Blvd, Suite 320
                                         Scottsdale, AZ  85251
                                         Telephone: (602) 456-8900
                                         Fax: (602) 218-4447
                                         litigation@mccarthylawyer.com

                                         Attorney for Plaintiff